GEORGE THOMPSON v. ROSA B. SMITH et al.

*Married Women — Written Contract of Husband—Separate Estate—Charge—Privy Examination.*

1. A writing signed by a married woman, with the consent of her husband in writing, expressly charging her statutory personal estate, is good without any beneficial consideration coming to her.

2. But she cannot bind her statutory separate real estate by any contract unless her privy examination is taken.

3. This case is governed by that of *Farthing* v. *Shields*, decided at this term of the Court.

This was a CIVIL ACTION, tried before *Connor, J.,* at August Term, 1889, of MECKLENBURG Superior Court.

The parties waived a jury, and the Court found the facts.

It was admitted that the defendant Rosa B. Smith, a *feme covert,* with her husband, executed the note described in the complaint, at the time therein set forth, and that she had, at the time the judgment hereinafter referred to was docketed, and still has, real estate in this county.

The plaintiff introduced in evidence the judgment docket of this Court, in which is docketed a judgment in favor of plaintiff against the defendants and of which the following is a copy:

| " Geo. Thompson | Judg't June 27, 1887. |
|---|---|
| *v.* | Princ_____$169 98 |
| S. P. Smith, | Int _____ 44 19 |
| Rosa B. Smith. | |
| | $214 17 |
| | Costs_____ 2 85 |

Transcript from Magistrate's judgment, filed and docketed June 28, 1887.

This judgment satisfied in full by note. This July 1, 1887. GEORGE THOMPSON,
By Hugh W. Harris, Attorney."

The defendants offered to prove by a witness that the debt for which the judgment was given was not the debt of Rosa B. Smith, but of her husband. That the consideration of the note sued on was the same debt. His Honor excluded this testimony upon objection by the plaintiff, and the defendants excepted.

The defendants contended that the separate *real* estate of the *feme* defendant, even if the debt was her own, could not be charged with the payment of the debt due by a contract or note, such as the one set out in the complaint, but could only be charged as provided in the statute, that is, by deed of herself and husband with her privy examination. His Honor was of a contrary opinion, and held that her separate estate could be charged by such a contract or note as that set out in the complaint. To this ruling the defendants excepted. Rule for new trial discharged.

The Court gave judgment for the plaintiff, as set forth in the record, and defendants excepted: (1) Because the Court excluded the testimony offered by defendant; (2) because the Court held that the separate real estate of the *feme* defendant was chargeable with the payment of the debt described in the complaint.

Defendants appealed to the Supreme Court.

*Mr. H. W. Harris* (by brief), for plaintiff.
*Mr. P. D. Walker,* for defendants.

SHEPHERD, J.: The object of this action is to charge the statutory separate real estate of the *feme* defendant by reason of an undertaking in the nature of an executory contract executed by her with the written consent of her husband. The writing expressly charges the separate estate, and this would undoubtedly be good as to her statutory separate personal estate, even without any "beneficial consideration." *Flaum* v *Wallace,* 103 N. C., 296.

But, as the complaint alleges that the *feme* defendant has only real estate, the case falls within the decision of *Farthing* v. *Shields, ante,* 289, in which it is held that even where there is a beneficial consideration and an express charge, a married woman cannot bind her statutory separate real estate by any undertaking in the nature of a contract without privy examination. This ruling renders it unnecessary for us to discuss the several views presented by the plaintiff's counsel in his very able and elaborate brief.

Reversed.